UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SARMIENTO,<br><br>Petitioner,<br><br>v.<br><br>RONALD RACKLEY,<br><br>Respondent. | No. 2:15-cv-0364 KJM CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee for this action.

Petitioner challenges an August 2013 disciplinary conviction for possession of dangerous contraband (a cell phone and charger), for which he was assessed a 90-day credit loss. (See ECF No. 1 at 45-48.) Petitioner claims this conviction violated his federal right to due process in several ways. He argues that prison officials unlawfully exercised judicial powers, shifted the burden of proof to him, failed to collect and preserve evidence, refused to assign an investigative employee to assist him, and misapplied state regulations. (ECF No. 1 at 4-5, 23.) Petitioner also argues that the evidence presented was insufficient to convict him. (Id. at 17-18.) Liberally construing the petition, the court treats this as a stand-alone claim.

An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:

1

   1) Advance written notice of the charges;

   2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;

   3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

   4) That the findings of the prison disciplinary board be supported by some evidence in the record.  <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985).

   Here, the petition and attachments show that petitioner received advance written notice of the charge.  (<u>See</u> ECF No. 1 at 4.)  He also received notice "of all reports to be used as evidence" at least 24 hours in advance of the hearing.  (<u>Id.</u> at 46.)  Petitioner was allowed to call two witnesses and present documentary evidence in his defense.  (<u>Id.</u> at 46-47.)  He received a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.  (<u>Id.</u> at 47-48.)

   Prison officials denied petitioner's request for an investigative employee (IE), noting that he did not meet the criteria under Cal. Code Regs. tit. 15, § 3315(d)(1).[1]  (<u>Id.</u> at 46.)  Records show that petitioner was literate, had a TABE (Test of Adult Basic Education) score above 4.0,

---

[1] Cal. Code Regs. tit. 15, § 3315 provides in part:

> (d) An inmate shall be assigned an employee to assist in the investigation of matters pertaining to a disciplinary action when the chief disciplinary officer or designee determines the necessity based on the following criteria.
>
> (1) Investigative Employee.
>
> (A) An investigative employee, as described in section 3318(a), shall be assigned when the staff designated to classify the serious rule violation determines that:
>
> 1. The complexity of the issues require further investigation.
>
> 2. The housing status makes it unlikely the charged inmate can collect and present the evidence necessary for an adequate presentation of a defense.
>
> 3. A determination has been made that additional information is necessary for a fair hearing.

1 and was not a participant in the Mental Health Services Delivery System.  (Id.)

2 Petitioner asserts that, if he had been assigned an IE, he might have discovered fingerprint
3 or DNA evidence showing that he had not been in possession of the contraband.  (Id. at 21.)
4 However, nothing in the petition suggests that the denial of an IE violated petitioner's federal due
5 process rights.  See Trujillo v. Vaughn, 269 Fed. Appx 673 (9th Cir. 2008), citing Wolff v.
6 McDonnell, 418 U.S. 539, 570 (1974) (extending a due process right to assistance during
7 disciplinary proceedings only where an inmate is "illiterate" or where "the complexity of the
8 issue makes it unlikely that the inmate will be able to collect and present the evidence necessary
9 for an adequate comprehension of the case").

10 Based on the above, the undersigned concludes that the petition should go forward on
11 petitioner's claim that his conviction was not supported by sufficient evidence.  All other claims
12 should be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases
13 Under Section 2254.

14 Accordingly, IT IS HEREBY ORDERED that:

15 1.  Respondent is directed to file a response to petitioner's habeas petition within sixty
16 days from the date of this order.  See Rule 4, 28 U.S.C. foll. § 2254.  An answer shall be
17 accompanied by all transcripts and other documents relevant to the issues presented in the
18 petition.  See Rule 5, 28 U.S.C. foll. § 2254;

19 2.  If the response to the habeas petition is an answer, petitioner's reply, if any, shall be
20 filed and served within thirty days after service of the answer;

21 3.  If the response to the habeas petition is a motion, petitioner's opposition or statement
22 of non-opposition to the motion shall be filed and served within thirty days after service of the
23 motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter;
24 and

25 4.  The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed
26 Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus
27 pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.
28 /////

     IT IS HEREBY RECOMMENDED THAT all claims in the petition be summarily dismissed except for petitioner's challenge to the sufficiency of the evidence supporting his conviction.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 27, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/sarm0364.100fee