UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SARMIENTO, | No. 2:15-cv-0364 KJM CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RONALD RACKLEY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1 ("Ptn.").) Petitioner challenges an August 2013 disciplinary conviction for possession of dangerous contraband (a cell phone and charger), for which he was assessed a 90-day credit loss. (See id. at 45-48.) All other claims having been dismissed, this action proceeds on the sole claim that the disciplinary conviction was not supported by "some evidence," violating petitioner's Constitutional right to due process. (ECF Nos. 6 & 12.)

Before the court is respondent's motion to dismiss the petition – i.e., the remaining claim. (ECF No. 11.) Respondent argues that petitioner's claim is not cognizable in federal habeas. Alternatively, he argues that petitioner failed to exhaust state remedies and procedurally defaulted on his claim. (Id.) Petitioner has filed an opposition, and respondent has filed a reply. (ECF Nos. 14 & 15.) For the reasons set forth below, the undersigned will recommend that

1  respondent's motion be granted.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving an indeterminate prison term of sixteen years to life. (ECF No. 11-1, Ex. 1.) He does not have a fixed release date, but will be released from prison when the parole board determines that he is suitable for parole. Cal. Penal Code § 3041; Cal. Code Regs. Tit. 15, § 2402. Petitioner reached his minimum eligible parole date (MEPD) on September 29, 1997. (ECF No. 11-3 at 64, Ex. 5.) On September 11, 2012, the California Board of Parole Hearings ("Board") denied him parole consideration for three years. (Id. at 63.)

On August 24, 2013, petitioner sustained the disciplinary conviction challenged in this action and was assessed a 90-day loss of custody credits. (Ptn. at 45-48.)

He filed a petition in the Sacramento County Superior Court challenging the 2013 conviction on five grounds. (ECF No. 11-1, Ex. 2.) The superior court denied the petition, finding that petitioner failed to exhaust administrative remedies as to any of his claims. (Id.) Petitioner next filed a petition challenging his 2013 conviction in the California Supreme Court, which summarily denied the petition on December 10, 2014. (ECF No. 11-3, Ex. 4.)

Petitioner filed the instant federal habeas petition on February 12, 2015. (Ptn.)

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Ninth Circuit recently clarified when a prison disciplinary challenge could be brought in a habeas action.

In Nettles v. Grounds, 788 F.3d 992, 1001 (9th Cir. 2015), the court held that habeas jurisdiction extends to claims involving prison disciplinary convictions only if petitioner's success on the claim "would 'necessarily spell speedier release' from custody," which "would include termination of custody, acceleration of future date of release from custody, or reduction of the level of custody." See Skinner v. Switzer, 562 U.S. 521, 533–34 (2011). Applying Skinner, the Nettles court held that the district court lacked jurisdiction over the discipline-related

claim of a California inmate serving an indeterminate life sentence who had passed his MEPD and not yet been found suitable for parole. Under these circumstances, neither expungement of the disciplinary finding nor restoration of lost good-time credits would "necessarily" accelerate his release. Nettles, 788 F.3d at 1004. Thus, the petitioner's claim was not cognizable in federal habeas. Id.

Here, even if petitioner's 2013 disciplinary conviction were expunged due to lack of evidence, and his 90 days of custody credits restored, it would not "necessarily spell speedier release" under Nettles. E.g., Hardney v. Virga, 2015 WL 3648697, *3 (E.D. Cal. June 10, 2015) (recommending dismissal of habeas petition from life inmate challenging a loss of credits, per Nettles) (findings and recommendations adopted by district court August 10, 2015).

Because this court lacks jurisdiction over petitioner's remaining claim, it need not reach respondent's alternative arguments for dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 2, 2015

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ sarm0364.mtd_fr