UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SARMIENTO,<br><br>    Petitioner,<br><br>  v.<br><br>RONALD RACKLEY,<br><br>    Respondent. | No. 2:15-cv-0364 KJM CKD P<br><br><br>ORDER |

   Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On September 3, 2015, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations and respondent has filed a reply.

   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds the findings to be supported by the record and by proper analysis. For the reasons set forth in this order, however, the court declines to adopt the recommendation that this action be dismissed.

1

By this action, petitioner challenges a prison disciplinary conviction for possession of dangerous contraband (a cell phone and charger), for which he lost ninety days of credits. This action is proceeding on petitioner's claim that his due process rights were violated because there is not "some evidence" to support the disciplinary conviction. For the reasons set forth in the findings and recommendations, in accordance with the decision in *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015), this court lacks habeas corpus jurisdiction over petitioner's claim because he has not yet received a parole date and, therefore, success on his claim would not "necessarily spell speedier release" from custody. ECF No. 16 at 3.

The absence of habeas corpus jurisdiction over petitioner's claim, however, is not the end of the matter. Petitioner's claim may be cognizable in an action under 42 U.S.C. §1983, *see*, *e.g.*, *Pratt v. Hedrick*, 2015 WL 3880383 (N.D. Cal. 2015), and this court may so construe this action. *See Stephens v. Davis*, 2015 WL 6093101 (N.D.Cal. 2015) (citing *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971)). Because construing this action as a civil rights action would obligate petitioner for the full amount of the $350 filing fee for such an action even if petitioner proceeds in forma pauperis under 28 U.S.C. § 1915[1], the court will give petitioner an opportunity to determine in the first instance whether he wants to pursue his claim as a civil rights claim under 42 U.S.C. § 1983.[2] Petitioner will be granted thirty days from the date of this order in which to file and serve a civil rights complaint on the form provided with this order and, as appropriate, either the balance of the filing fee ($345.00) or an application to proceed in forma pauperis.

/////

---

[1] Petitioner paid the $5.00 filing fee for this action. In order to proceed with this action as a civil rights action, petitioner will be required to either remit $345.00 as full payment of the filing fee for a civil rights action, or to file a completed in forma pauperis application.

[2] The *Stephens* court also identified issue preclusion and claim preclusion as possible barriers to litigating claims initially raised as habeas corpus claims in a civil rights action. *See Stephens*, slip op. at 2. Here, respondent argues that petitioner failed to exhaust state court remedies for his due process claim; it appears it is respondent's position that petitioner's claim was not adjudicated on the merits in the state courts. In order to have preclusive effect, the prior state court decision must have rested on the merits of petitioner's claims. *See Gonzales v. California Department of Corrections*, 739 F.3d 1226, 1230-31 (9th Cir. 2014) (discussing issue and claim preclusive effects of prior state court habeas corpus judgments).

Failure to file a civil rights complaint will result in the dismissal of this action for lack of habeas corpus jurisdiction.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 3, 2015, are adopted in part;

2. Respondent's motion to dismiss (ECF No. 11) is granted in part;

3. The court lacks habeas corpus jurisdiction over petitioner's due process claim;

4. Petitioner's habeas corpus petition is dismissed;

5. The Clerk of the Court is directed to send petitioner the court's form civil rights complaint and accompanying instructions together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915;

6. Petitioner is granted thirty days from the date of this order in which to submit an amended complaint on the form provided with this order and, as appropriate, an application to proceed in forma pauperis or $345.00.  Should petitioner choose to file an amended complaint, the amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in the dismissal of this action.

DATED:   January 7, 2016

_____
UNITED STATES DISTRICT JUDGE